IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRENDA NIETO, et al.** | § | |
| | § | |
| v. | § | 1:16-cv-566-RP |
| | § | |
| **KIA MOTORS AMERICA, INC., et al.** | § | |

## ORDER

Before the Court are Deacon Keng Manning's Motion to Quash Plaintiffs' Notice of Intention to Take Deposition by Written Questions for the Custodian of Records for Depositors Insurance Company (Dkt. No. 10), Plaintiffs' Response to Deacon Keng Manning's Motion to Quash (Dkt. No. 11), Deacon Keng Manning's First Amended Motion to Quash (Dkt. No. 13), and Manning's Reply (Dkt. No. 14). The District Court referred the discovery motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. General Background

Plaintiffs, Brenda and Marcos Nieto brought this case following an automobile accident in December 2015 in which the Nietos' vehicle, a 2004 Kia Spectra, lost control and struck a disabled vehicle. Dkt. No. 1 ¶¶ 6-7. The Nietos' vehicle was then struck from behind by another vehicle. *Id.* The Nietos sue Kia Motors America, Inc. and Kia Motors Corporation, alleging defective manufacture of the vehicle. *Id.* ¶ 13. Deacon Keng Manning, the driver of the second car, is not a party to this suit, but is rather a defendant in a concurrent state action. Dkt. No. 10 ¶ 2. The Nietos filed a Notice of Intention to Take Deposition by Written Questions on the insurance company that insured Manning's vehicle, Depositors Insurance Group ("DIG"). Dkt. No. 13-1. By the notice, the Nietos seek all of DIG's records related to the insurance policy covering Manning's car, which the

notice also refers to as "The Complete Insurance File." *Id.* Manning asks the Court to quash the notice, stating that it "seeks privileged information that was prepared in anticipation of litigation." Dkt. No. 13 ¶ 2.

## II.  Analysis

Manning contends the information sought from DIG is protected by either the attorney-client or work product privilege. The Nietos object to this motion on two bases: First, Manning did not comply with Local Civil Rule CV-7(i) in conferring with the Nietos prior to filing the motion to quash; and Second, Manning has failed to meet the evidentiary burden required to establish that information is protected by the attorney-client or work product privilege.

As the Nietos note, Manning first filed his motion to quash without a certificate of conference, but later corrected the "inadvertent" omission by including a certificate with his amended motion. That certificate states that Manning's counsel was "unsuccessful in establishing contact with Nietos' counsel and received no return phone calls." Dkt. No. 13 at 4. The Nietos argue both that the lack of a certificate of conference as well as the failure to "even attempt to meet and confer" with Nietos' counsel require the court to "deny the motion on that basis alone." Dkt. No. 11 ¶¶ 4, 8. The Nietos are correct that Manning did not comply with Local Rule CV-7(i). Rule 7(i) requires parties to "confer[] in a good faith attempt to resolve the matter" prior to filing a motion, and the certificate must state the "specific reason that no agreement could be made." *Id.* Although the amended motion filed by Manning includes a certificate of conference, it fails to specify that the parties spoke or the reasons they could not come to an agreement. In fact, Manning concedes that he never spoke with the Nieto's attorney, and that his sole attempt at compliance with the rule included several unanswered phone calls. Dkt. No. 13 at 4. Rule 7(i) requires that the

parties actually have a discussion to attempt to resolve disputes prior to bringing a matter before the court. Because Manning "was unsuccessful in establishing contact," he did not meet this requirement. On this basis alone, the court could deny the motion to quash.

Even if a proper conference had taken place, the motion to quash would fail, as Manning has failed to even try to meet the burden for establishing that the documents are privileged. The Federal Rules allow parties to discover information "regarding any nonprivileged matter that is relevant." FED. R. CIV. P. 26(b)(1). However, a person may seek to quash a discovery request when it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(iii). A person asserting that a document is privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A)(ii). Moreover, a party asserting a privilege has the burden of proving the applicability of the privilege. *Hodges, Grant & Kaufmann v. IRS*, 768 F.2d 719, 721 (5th Cir. 1985). To assert the privilege, persons are generally expected to respond to the request "by submission of a log identifying documents or other communications by date and by the names of the author(s) and recipient(s), and describing their general subject matter." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (quoting MANUAL FOR COMPLEX LITIGATION (3d) § 21.431 (1995)). Furthermore, the parties must produce all nonprivileged documents to comply with the request. FED. R. CIV. P. 26(b)(1). Only after all nonprivileged documents and a privilege log are produced should the parties file a motion seeking to resolve any remaining disputes.

Here, Manning makes no attempt to clarify which documents he objects to producing; he solely states that the notice should be quashed because "it seeks privileged information." Dkt. No.

13 ¶¶ 1-2. As the Nietos note, Manning "has only offered plainly conclusory and vague assertions," which "are not sufficient to meet the burden." *Id.* ¶ 11. Manning responds by arguing that the insurance file was prepared in anticipation of the litigation currently pending in state court, and the conclusory and vague assertions "are a function of the nature of the material" because "[o]pinion work product consists of the mental impressions, conclusions, opinions, or legal theories of an attorney." Dkt. No. 14 ¶ 4. Mannings' bald assertions do not come close to meeting his evidentiary burden to make a claim of privilege. Further, it appears Manning has not produced any documents in response to the notice, and it is difficult to see how everything in the insurance file (including the policy, for one) is privileged.

Accordingly, the Motion to Quash and Amended Motion to Quash (Dkt. Nos. 10 & 13) are **DENIED**. The Court **ORDERS** Manning to create and produce a privilege log of all items he claims are privileged and to produce otherwise nonprivileged material. Following Manning's compliance with this order, if the Nietos dispute any asserted privilege, the Court further **ORDERS** counsel for Manning and the Nietos to meet and confer as required by Local Civil Rule CV-7(i). If after the parties take these steps, there is still a discovery dispute, the Nietos should file a Motion to Compel the production of the disputed records.

SIGNED this 9th day of September, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE